Johnson, J.
There does not appear to me to be any reasonable foundation for this motion. By the Act of 1191, (1 Brev. Dig. Tit. Com. of Equity, sec. 41,) the Commissioners in Equity for the several districts are required to attend the sittings of the Courts, and to take and enter down the decrees, orders and minutes thereof, &c., “and shall make all sales under the decree of the said Court.” It contains no reference to the place where the property is situated or found, and I can see nothing in the nature of the service which would restrict the authority of the Commissioner to that which is found or situate in his own district. On the contrary, there are many reasons why the sales should be made by *26 the Commissioner of the Court in which the decree is entered. The returns of the sales and the accounts must be made there, and to that *9f-i * Court its Commissioner is directly responsible for the manner in -■ which he has discharged his duty.
The usage of the Court, spoken of by the Chancellor, is an irresistible argument in favor of this construction; and besides that, the consent of the parties is in itself conclusive. If they, themselves, thought proper to make a private agent to sell the property, the Court could not control them in it. They, at least, would be bound by his acts, and no one else is interested, whether he acts well or ill.
The motion is therefore dismissed.
O’Neall and Harper, Js., concurred.